### HODER v. UNITED STATES.
### No. 488.

Circuit Court of Appeals, Tenth Circuit.

Dec. 21, 1931.

O. Otto Moore, of Denver, Colo., for appellant.

Jean S. Breitenstein, Asst. U. S. Atty., of Denver, Colo., for the United States.

Before PHILLIPS and McDERMOTT, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge.

This appeal brings up for review a judgment of conviction of appellant on the second count of an indictment charging him with violation of section 121, title 18, USCA, which, in so far as here material, reads:

"Whoever shall forcibly assault * * * or interfere with any officer * * * of the internal revenue * * * or any person authorized to make searches and seizures, in the execution of his duty * * *; or whoever before, at, or after such seizure, in order to prevent the seizure or securing of any goods, wares, or merchandise by any person so authorized, shall stave, break, throw overboard, destroy, or remove the same, shall be fined. * * * "

It will be noted this act creates two offenses: First, the offense of forcibly assaulting an officer of the United States in the lawful discharge of his duty; second, at the time before or after the seizure of any goods, wares, or merchandise by an officer acting under his lawful authority, in order to prevent such seizure, shall stave, break, throw overboard, destroy, or remove any such goods shall be fined, etc.

On count one of the indictment, charging defendant with the offense created by the first part of this statute, defendant was by the jury acquitted. As defendant was acquitted on the first count of the indictment, that count needs no further consideration.

On the second count of the indictment, charging defendant with the offense created by the second part of the statute, he was convicted, sentenced, and appeals.

While many errors are assigned, not all need be noted. The charging part of the second count of the indictment reads as follows:

"That the said Stephen A. Bonney and the said Harland F. Doud were then and there duly appointed, qualified and acting Federal Prohibition Agents; that on, towit, the 11th day of October, A. D. 1930, at a place about one mile west of the ranch of said Henry Hoder, alias Henry Holden, alias Edgar Galazin, in the Pike National forest, in the northwest corner of Teller County, Colorado, the said Bonney and the said Doud did lawfully search one 1922 Model Lincoln Touring automobile, Motor Number 1899, License Number 70997, the said automobile being then and there driven by the said Henry Hoder, alias Henry Holden, alias Edgar Galazin, the said Bonney and the said Doud did, at that time and place, have probable cause to believe that the said Henry Hoder, alias Henry Holden, alias Edgar Galazin, was then and there transporting in said automobile intoxicating liquor, then and there upon the search of said automobile, seize intoxicating liquor, fit and intended for use for beverage purposes, towit, distilled spirits, towit, about seventeen pints of whiskey, being then and there possessed and transported by the said Henry Hoder, alias Henry Holden, alias Edgar Galazin, and did then and there arrest the said Henry Hoder, alias Henry Holden, alias Edgar Galazin; that after the arrest of the said Henry Hoder, alias Henry Holden, alias Edgar Galazin, by the said Bonney and the said Doud, as aforesaid, the said Bonney did place the said Henry Hoder, alias Henry Holden, alias Edgar Galazin, in said Lincoln touring automobile, and proceed to take the said Henry Hoder, alias Henry Holder, alias Edgar Galazin, to a place of confinement; that at a place about two and one-half miles south of Deckers, Colorado, on the Woodland Park Highway, in the county of Douglas, in the State of Colorado, and while the said Bonney was taking the said Henry Hoder, alias Henry Holden, alias Edgar Galazin, to a place of confinement as aforesaid, the said Henry Hoder, alias Henry Holden, alias Edgar Galazin, did unlawfully, willfully, knowingly, and feloniously break and destroy certain property, towit, intoxicating liquor, towit, distilled spirits, towit, about seventeen pints of whiskey contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America."

It appears from the record there was evidence after his arrest defendant did break and destroy some seventeen bottles found in the car at the time the arrest was made. It is a controverted question as to whether defendant did destroy any liquor seized. We take it, under the statute, the goods, wares, or merchandise lawfully seized by the officer must be described with such particularity that the same may be identified in any future prosecution for the same offense. In this case, the charge is defendant destroyed intoxicating liquors, to wit, seventeen pints. There were jugs and other paraphernalia in the car, which the government's witnesses testified were destroyed, and which were evidence separate and distinct from the seventeen bottles of liquor. It is quite evident from the charge of the court it was not considered important whether the charge as laid was or was not proven, for, as shown by the charge, the court said to the jury:

"Under the second count if you believe beyond a reasonable doubt that the defendant, having been arrested, and the government officers having seized these bottles, whether they were full or not, attempted to or did break or destroy the same, or destroyed the evidence as has been testified to, then it is your duty to find him guilty under the second count. * * *

"This is not a prohibition case. The defendant is not charged with the possession of any liquor. The question is, * * * did he break or attempt to break or destroy anything in the car that had been seized by the government as evidence. * * *

"Remember the sole question is not whether there was a violation of the prohibition law, or whether there was liquor in the car,

but whether this man * * * broke the glass bottles and attempted to destroy the evidence."

If the government failed to introduce evidence to convince the mind of the jury beyond a reasonable doubt of the charge that defendant destroyed liquor from the car, the verdict should have been an acquittal. But we are of the opinion the charge of the court to the jury, under the facts of this case, and the indictment on which defendant was tried, is clearly erroneous, and upon this ground the case must be reversed.

It is so ordered.